| United States District Court | Southern District of Texas |
|---|---|

Tataneisha White, §
§
  Plaintiffs, §
§
versus § Civil Action H-22-2120
§
Wal-Mart Stores Texas, LLC, §
§
§
  Defendant. §

## Opinion and Order on Partial Dismissal

1. *Background.*

On December 5, 2020, Tataneisha White says she slipped on a clear substance while shopping at Wal-Mart. She sued Wal-mart for: (a) premises liability, (b) negligence related to premises conditions, (c) failures related to policies, procedures, safety rules, and guidelines, (d) negligence in hiring, training, controlling, and supervising employees, and (e) negligent hiring, supervision, and retention of employees.

Wal-mart moved for partial dismissal for her negligence claims. White had 21 days to file a response under Local Rule 7.3. She did not respond to Wal-mart's motion, so it is deemed unopposed.[1] Also, she has pleaded no facts showing Wal-mart is liable for negligence.

2. *Negligence.*

Slip-and-fall claims are typically premises liability.[2] Negligence is a distinct claim. Negligent activity requires that White plead an affirmative,

---

[1] Local Rule 7.4

[2] *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

activity that caused the injury.[3] She must also plead that an employee committed an actionable tort and Wal-Mart was independently negligent in the course of hiring to hold it liable for negligent training and supervision.[4]

White pleaded that she slipped and fell on a clear substance. No facts support her claim that a Wal-mart employee was performing an ongoing activity before White fell.

She attempted to plead negligent supervision and training without giving facts that show an employee committed a tort and Wal-Mart committed an act of negligence by hiring the employee.

3. *Conclusion.*

Because Tataneisha White failed to plead her negligence claim, it is dismissed with prejudice.

Her premises liability claim subsists. (9)

Signed on August 24, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[3] *Del Lago Partners, Inc. v. Smith,* 307 S.W.3d 762, 776 (Tex. 2010).

[4] *Doe v. Boys Clubs of Greater Dalls, Inc.,* 868 S.W.2d 942, 950 (Tex. App. – Amrillo 1994).